## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWIN LAVERN HILKEY,
                    Appellant,

        v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                    Agency.

DOCKET NUMBER
SF-0845-22-0189-I-1

DATE: January 24, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edwin Lavern Hilkey</u>, Coupeville, Washington, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) reconsideration decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

but modified the appellant's repayment schedule. On petition for review, the appellant reasserts that he attempted to inform OPM of his receipt of Office of Workers' Compensation Programs (OWCP) benefits several times and that he is financially unable to make the ordered payments. Petition for Review (PFR) File, Tab 1 at 1. He also submits an August 25, 2022 letter from the Department of Labor (DOL) purporting to show that his OWCP benefits have been reduced. *Id*. at 2. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

We agree with the administrative judge that OPM proved the existence of a $120,985.21 overpayment due to the appellant's collection of both his Federal Employees' Retirement System (FERS) annuity and his OWCP benefits without offset. Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 3-4. We also

---

[2] The appellant's petition for review appears to be untimely filed by 1 day. *See* 5 C.F.R. § 1201.114(e); PFR File, Tab 1 at 3, Tab 4 at 1. Although the Board may waive its timeliness regulations based upon a showing of good cause, *see Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014), we do not reach the question of whether the appellant established good cause because we otherwise affirm the initial decision, *see Petersen v. Office of Personnel Management*, 99 M.S.P.R. 469, ¶ 1 n.1 (2005).

agree with the administrative judge that the appellant knew or should have known that he could not collect both his FERS annuity and OWCP benefits, but that he nonetheless accepted the full FERS annuity benefit and did not provide any evidence that he set aside the payments to which he was not entitled. ID at 5-6; *see Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 8 (2007). Thus, we agree that the appellant failed to show that he was entitled to a waiver of the overpayment. *See Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶¶ 5-6 (2012). We also agree with the administrative judge that, because the appellant demonstrated that his ordinary and necessary living expenses and liabilities exceed his current income and liquid assets based on information that he provided in a financial resources questionnaire (FRQ), he is entitled to an adjustment of the repayment schedule. ID at 5-9; *see Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶¶ 9-10 (2002). Neither party has directly challenged the administrative judge's decision to reduce the repayment schedule from $450.00 per month to $15.00 per month. *See* 5 C.F.R. § 1201.115 (explaining that the Board normally will consider only issues raised in a timely filed petition for review).

As noted, the appellant submits an August 25, 2022 letter from DOL purporting to show that his OWCP benefits were reduced. PFR File, Tab 1 at 1-2. The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Here, the record closed before the administrative judge on June 30, 2022. IAF, Tab 23 at 2. The DOL letter is dated August 25, 2022, and was, therefore, unavailable before the record closed. It is also material because it relates to the appellant's financial ability to comply with the collection schedule. Accordingly, we consider it here.

The letter provides that DOL decreased the appellant's monthly OWCP benefit to $2,392.72. PFR File, Tab 1 at 2. The appellant asserts that this

represents a decrease in his monthly income, which further demonstrates his inability to honor the repayment schedule. *Id*. at 1. However, on his FRQ, which is in the record, the appellant reported his OWCP benefit to be $1,138.17. IAF, Tab 17 at 4. Although we conclude that the DOL letter is insufficient to disturb the administrative judge's conclusion that the appellant's expenses and liabilities exceed his monthly income, the letter does not show that the appellant's monthly income has decreased. We, therefore, decline to further reduce the repayment schedule ordered by the administrative judge, and we affirm the initial decision.

Additionally, OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from his estate or other responsible party. A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child, or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.